UNITED STATE DISTRICT COURT

EASTERN DISRICT OF NORTH CAROLINA

FILED

SEP 13 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____
DEP CLK

RICKY BATTLE

Plaintiff

5:24-CT-3222-FL

COMPLAINT FOR DAMAGES
(FTCA AND BIVENS)
Demands Jury Trial

vs

Defendants

UNITED STATE OF AMERICA
UNICOR
FOREMAN MR. SOUTHERN
NURSE BAKER
FACTORY MANAGER THOMAS

I PROCEDURAL ISSUES

A. VENUE

The incidents that spawns this Torts and Bivens claims Occurred at Butner Low Security and medical center in North Carolina both within the venue of this Court, Therefore, venue is proper pursuant to 28 U.S.C 1402(b) , See also U.S.C 113. under 18 U.S.C 4126 (c)4.

B. JURISDICTION

The plaintiff seeks relief under both Federal Tort Claims Act, 28 U.S.C.S 2671, et seq, and under the Eighth Amendment of the United States Constitution through Bivens vs. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Therefore, the Court retains subject matter jurisdiction pursuant to 28 U.S.C. 1346(b)(2) and Bivens.

This Court also retains supplemental jurisdiction once all other claims that may have arose under this action pursuant to 28 U.S.C.1367(a).

C. PARTIES TO THE COMPLAINT

Plaintiff Battle is a federal inmate currently housed at Butner Low Security Correctional Institute, P.O. Box 999, Butner, NC 27509.

Defendant United States of America is sued under the FTCA, see 28 U.S.C.1367(a).

Defendant Unicor is sued under 18 U.S.C. 4126(c)(4) due to the fact the plaintiff was employed there and or under 18 U.S.C. 4126.

Defendant factory manager Thomas was and still may be an employee of the Federal Bureau of Prisons and working at Unicor. His is sued in both his individual and official capacities.

Defendant Unicor foreman Mr.. Southern was and still may be employed by the Federal Bureau of Prisons, whom was plaintiff boss at Unicor. His is sued in both his individual and official capacities.

## D. EXHAUSTION OF REMEDIES

On July 11, 2024 plaintiff sent a tort claim (SF-95) to United States Department of Justice, which was responded to by mid Atlantic Regional Counsel Michael D. Frazier, (Exhibit "A"). Six months have passed since the receipt of the request. See 28 U.S.C. SS2401(b). Therefore, plaintiff has exhausted his remedies.

On February 19, 2023 the plaintiff submitted the required BP-8 under PLRA which was responded to February 21, 2023 by counsellor and unit manager failed to address negligence. (Exhibit "B")

On February 27, 2023 the plaintiff appealed the decision of BP-8 on form BP-9 to the warden of Butner LSCI. The acting warden W. Holzapfel failed to address the negligence matter for inadequate care which was responded to on March 27, 2023, (Exhibit "C").

The plaintiff then appealed the warden decision to region office which was file on April 20, 2023 on a BP-10 form due to failure to address the inadequate care, proper care, and negligence by medical. The plaintiff received the denial which was dated June 23, 2023, (Exhibit "D" BP-10 filing and response).

The plaintiff took an appeal on form BP-11 to the central office on July 18, 2023. The BP-11 was responded to August 24, 2023 by acting administrator Timothy Barnett. The acting administrator rubber-stamped the all appeal with the same result of failed negligence. See Exhibit "E" BP-11 filing and response).

Plaintiff Medical records "Exhibit F" is attached would show plaintiff have stated his claim

The plaintiff has satisfied the exhaustion of remedies under the Prisoner Litigation Reform Act of 1997.

## II FACTS

1. In 2021 plaintiff Battle was working at low security prison factory Unicor as a sewer. The plaintiff notice that the skin on his hand was getting irritated by the material he was working with at his job. Plaintiff Battle's hands were being injured repeatedly by an allergic reaction to the material, the continuous small puncture wounds coming from the needles.

2. At the onset of this injuries, plaintiff informed the Unicor foreman Mr. Southern, Since 2021 that he needed protective gloves to protect his hand.

3. The plaintiff also inform the factory manager Mr. Thomas of this issues with his hand. After months of working gloveless, the plaintiff was provided gloves in 2022.

4. The plaintiff suffered and sustained injuries on his right hand specifically his index finger from continued allergic exposure to material at Unicor for failure to provide proper gloves from continued micro-punctures from the sewing needles and equipment at Unicor.

5. Despite Battle's complaints about allergic reaction to this material in Unicor. Both defendants Mr. Southern and Mr. Thomas failed to act in a timely manner to address the issue of the gloves.

6. After the gloves was eventually given to plaintiff Battle, the damage was already done, due to the fact, by November 28, 2022. The injuries has gotten worse.

7. On 11-22-2022 plaintiff went to medical in regards to the swelling in his right index finger.

8. Once plaintiff spoke to Nurse Baker, he observed the finger was in fact swollen. Nurse Baker advised Mr. Battle that the swelling would likely go down on its own.

9 . From the advice from Nurse Baker from 11-22-22 to 11-28-2022 the swelling never went down has previously diagnosis.

10. On November 28, 2022, PA Dowrich prescribed an antibiotic for three days to plaintiff Battles.

11. The infection gotten worse, on November 30, 2022 plaintiff went back to medical at the institution. Due to the fact, the medication prescribe was not working or remedy the infections.

12. It was on November 30, 2022 after the persistence of plaintiff did medical staff finally take an x-ray of Mr. Battles finger.

13. It was then determined by medical staff decided to send plaintiff to Duke Regional Hospital to get a thorough examination at the outside hospital.

14. On 11-28-2022, plaintiff Battle was admitted to Duke Hospital, where the medical staff lacerated the finger in multiple places to clean out the infection.

15. The plaintiff was kept at Duke University Hospital for a week, was again placed on antibiotic. Once back at the prison the issue persisted. Plaintiff was seen again at the end of that full week. The plaintiff was sent back on 12-14-22 to Duke Hospital.

16. On 12-14-2022 the plaintiffs finger was amputated on that day.

III STATEMENT OF CLAIMS

A. COMMON-LAW CLAIMS AGAINST THE UNITED STATES

CLAIM ONE: Foreman Mr. Southern and Supervisor Thomas failure to provide proper gloves during the time plaintiff complained about his hand from allergic reaction constitute negligence.

17. Battle realleges the facts set forth in Section II.

18. The Federal government owes a duty of care to provide proper protective glovers under the OSHA guideline reasonable care and to provide adequate safeguard to prevent work related injuries from any hazardous materials.

19. Defendant Southern and Thomas was aware of plaintiff complaint from the beginning to the end. They witnessed it. They were aware of it. They did nothing about it.

20. Both defendants Southern and Thomas was trained in work safety protective gears and gloves. How it m must be used, when an employee is experience hazardous material to their health they should insist proper ;medical care or advocate on the employee behalf when there was valid complaint injuries to plaintiff health.

21. Both defendant Southern and Thomas breached their duty under (OSHA) standard for workplace safety which includes providing appropriate PPE such as glovers when plaintiff Battle are working with hazardous materials.

22. This is both defendants Southern and Thomas responsibility to provide plaintiff Battle with appropriate gloves that conform to safety standard when the material he is handling has hazardous materials.

23. Both defendant Southern and Thomas breach of duty to have a safe work environment to plaintiff Battle when he notify them of harm he is suffering from a serious harm from the material he working on without proper gloves.

24. Under 29 C.F.R. 1910.132 the defendants violated plaintiff Battles right s by not providing him the "Appropriate Gear" under OSHA regulations to ensure employee safety environments, especially in a prison industry.

CLAIM TWO: Officer Thomas, Officer Southern, Nurse Baker breach their duty of care which constitute negligence per se North Carolina law.

25. Officer Thomas, Officer Southern, Nurse Baker had a duty of care to prevent the injuries to plaintiff Battle by protecting him under North Carolina Statute Law, under Federal Statute, under BOP regulations, an unexcused omission or violation of a duty imposed by law constitutes negligence per se.

CLAIM THREE: Defendant Southern, Thomas, Nurse Baker non feasance in actions in a timely manner constitute gross negligence under North Carolina law.

26. When defendant Thomas and Southern was passive in providing plaintiff Battle with glovers since 2021 when he informed

them that he needed gloves due to hazardous material he working with. Their conduct evinced a reckless disregard for Battle rights, clearly exercising a devil-may-care attitude or indifference to their duty to Battle. This duty was not discretionary.

27. Nurse Baker misdiagnosis by telling Battle the swelling would go down on its own, instead of sending Battle to outside hospital despite obvious injuries to Battle.

28. Nurse Baker should have sent plaintiff Battle to outside hospital from the onset, which would have prevented him having his index finger amputated, pain and suffering. Nurse Baker malfeasance and lack reasonable care. The Nurse Baker waited too long to properly get Battle the proper specialty and medication could have prevented infection without amputation.

CLAIM FOUR: Nurse Baker failure to provide proper medical care to Battle constitutes negligence.

29. Battle was seen by Nurse Baker several times. It was to due Battle persistence that the medical staff decided to send him to Duke Hospital.

CLAIM FIVE: The conduct of medical staff at Bunter low security constitutes medical malpractice and negligence.

30. Despite Battles complaints and serious injuries suffered from infection, medical staff failed to take Battle to the hospital on the first initial complaint. The medical staff had a duty to take him immediately for precautionary steps, such as x rays, biopsy inter alia, to identify the most serious conditions on a differential diagnosis, and rule items out from the most effective way to cure the infection from the least. A prudent and reasonable physician would have taken those measure. The injuries were so obvious that lay person could easily recognized the need for proper medical care and attention.

The same index finger injury that needed attention for surgery on December 14, 2022 was disregarded on with misdiagnosis on November 28 2022, causing Battle pain and sufferings, which cause more serious injuries which require the index finger been amputated.

31. Nurse Baker allowing the Battle infection to get worse by "stating the swollen would go down." The surgeon sending plaintiff Battle to the prison with non-effective medication to remedy the infection which led to amputation could be adduce a lack of reasonable care. The surgeon whom send him back without proper diagnosis, lack reasonable care and cause Battle more pain and suffering, while he waited to go back to them due to the facts, Battle have to go over the prognosis over because the first treatment was not effective.

32. Nurse Baker duty of care was below the standard of care owed to Battle caused him pain and suffering which cost him his index finger to be amputated.

CLAIM SIX: Nurse Baker and psychican at health service at Butner conduct amount to negligent infliction of emotional stress under North Carolina law.

IV CONSTITUTIONAL LAWS

CLAIM SEVEN: Mr. Southern, Mr. Thomas, Nurse Baker and psychcian actions violated the Constitution.

33. Defendant Southern is liable for failure to provide proper PPE and gloves which could have prevent harm to plaintiff Battle. He had the opportunity to prevent this injuries by providing the material he need safeguard his health and fingers. A reasonable officer would have provide the said gloves since 2021. Southern act with deliberate indifference and his nonfeasance constitute cruel and unusual punishment.

34. Defendant Thomas is liable for failure to ensure that defendant Southern provide all inmates whom request for gloves when plaintiff Battle brought to his attention that the work with sewer material was affecting his hand. Thomas could have prevented the harm to plaintiff Battle index finger providing him with a glove that is under OSHA guidelines to prevent injuries from a hazardous material. A reasonable supervisor would have made sure that inmate Battle was provided the gloves since he complained since 2021. Thomas met with deliberate indifference and his nonfeasance constitute cruel and unusual punishment.

35. Nurse Baker and LSCI medical staff disregarded Battles serious medical needs by misdiagnosis his injuries to his index finger by waiting so long which cause the index finger to be infected which cause it to be amputated for failure to act in a timely manner. Where he waited for both the medical staff at Butner Low to act timely, their misdiagnosis caused Battle to experience unnecessary and wanton infliction of pain as a consequence of improper care and delay in providing of proper adequate medical care.

V. REQUEST FOR RELIEF

Wherefore, plaintiff respectfully requests that this court grant the following.

36. Punitive damages in the amount of $1,200,000 against the United States for the injuries suffered.

37. Hold said parties jointly and severally liable for damages and grant any other future relief this court deems just and proper.

38. Plaintiff Battle demands a jury trial on his constitutional claims against said defendants.

## VERIFICATION

I Ricky Battle , Declare under penalty of perjury that the premise of the forgoing complaint are true.
Executed on this Day 7/29/24 of August 2024.

Respecfully Submitted,

Ricky Battle

## CERTIFICATE OF SERVICE

I Ricky Battle , Certify that I sent a true copy of foregoing complaint to following parties:

Nurse Baker
P O BOX 999
Butner , NC 27509

Unicor Foreman Mr. Southern
P O BOX 999
Butner NC 27509

Unicor Supervisor Thomas
P. O BOX 999
Butner, NC 27509

U.S Attorney Office
310 New bern Ave
Raleigh NC 27601