IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CT-3222-FL

RICKY BATTLE,                                    )
                                                 )
                        Plaintiff,               )
                                                 )
          v.                                     )          ORDER
                                                 )
UNITED STATES OF AMERICA,                        )
UNICOR, FOREMAN MR. SOUTHERN,                    )
NURSE BAKER, and FACTORY                         )
MANAGER THOMAS,                                  )
                                                 )
                        Defendants.              )

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing complaint September 13, 2024, asserting negligence claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. and Eighth Amendment violations on the basis of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In addition, where the plaintiff proceeds pro se, the pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

Here, plaintiff's FTCA medical negligence claim asserted against defendant United States is not clearly frivolous and thus the court allows this claim to proceed. The remaining claims must be dismissed. Plaintiff's claim premised on alleged improper working conditions must be brought under the Inmate Accident Compensation Act ("IACA"), a federal inmate workers compensation statute that is exclusive and therefore precludes relief under the FTCA. See United States v. Demko, 385 U.S. 149, 153–54 (1966) (holding IACA remedy is "exclusive" and bars claim under the FTCA); Wallace v. United States, 669 F.2d 947, 951 (4th Cir. 1982); 18 U.S.C. § 4126(c)(4); 28 C.F.R. § 301.101.

Plaintiff also cannot bring IACA claim directly in this court. The IACA provides that federal prisoners may request compensation "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined[,]" from the Federal Prison Industries corporation. 18 U.S.C. § 4126(c)(4); Demko, 385 U.S. at 154. The Federal Bureau of Prisons informed plaintiff that he can seek compensation under the IACA "approximately 45 days prior to [his] release or transfer to a halfway house" using administrative procedures available initially through the FBOP. (DE 1-1 at 2); see 28 C.F.R. §§ 301.303; 301.314. And even assuming some form of judicial review is available after the Federal

2

Prison Industries makes the IACA determination, plaintiff must exhaust administrative remedies under the pertinent regulations before pursuing any such claim. See 28 C.F.R. §§ 301.101–301.319; Demko, 385 U.S. at 153–54; see also Sturgeon v. Fed. Prison Indus., 608 F.2d 1153, 1155 (8th Cir. 1979); Thompson v. U.S. Fed. Prison Indus., 492 F.2d 1082, 1083–84 (5th Cir. 1974). Finally, plaintiff has not claimed entitlement to compensation for lost wages during the term of incarceration, and he has not exhausted administrative remedies for such a claim. See 28 C.F.R. §§ 301.201–301.205; see also Thompson, 492 F.2d at 1083–84.

As to the Bivens claims, plaintiff fails to allege facts showing the individual defendants were deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 105–08 (1976) (explaining allegations of medical malpractice or disagreements with medical staff regarding a plan of care do not establish an Eighth Amendment violation); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff also asserts an FTCA claim for negligent infliction of emotional distress, but he fails to allege any facts demonstrating the emotional distress element of this claim. See Johnson v. Ruark Obstetrics and Gynecology Assoc., P.A., 327 N.C. 283, 304 (1990); 28 U.S.C. § 1346(b)(1) (providing that FTCA claims are governed by substantive law of the state where the negligent act occurred). Accordingly, these claims also must be dismissed.

**CONCLUSION**

Based on the foregoing, plaintiff's FTCA medical negligence claim against defendant United States is ALLOWED to proceed. The United States Marshals Service is DIRECTED to proceed with service of process pursuant to 28 U.S.C. § 1915(d). All remaining claims and defendants are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

SO ORDERED, this the 23rd day of May, 2025.

LOUISE W. FLANAGAN
United States District Judge

4